UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE BEATTY, *et al.*,

    Plaintiff,

    v.

KING COUNTY DEPARTMENT OF
METROPOLITAN SERVICES,

    Defendant.

Case No. C08-0898RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for partial summary judgment to dismiss several claims. Defendant seeks to dismiss (1) Doug Beatty's claim for loss of consortium, (2) claims by Laurie Beatty ("Beatty") occurring after she signed her complaint on July 24, 2007, and (3) Beatty's claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* After defendant filed this motion, the parties stipulated to dismiss Doug Beatty's claims. Dkt. #47. This order will address only Beatty's claims.

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

For the reasons set forth below, the Court grants defendant's motion in part.

## II. DISCUSSION

### A. Background Facts.

Beatty has worked for King County for over twenty years as a transit operator. She alleges that she was the victim of sexual harassment by a co-worker, John Henry James, and that James ultimately committed an assault by striking her in the back of the head. On or around July 24, 2007, Beatty signed a claim for damages form and submitted it to King County (the "claim"). The claim includes allegations of assault, sexual harassment, gender discrimination, and race discrimination. Beatty is Caucasian. The claim asserts that Beatty has suffered physical, psychological, and emotional injuries as a result of the acts set forth in her claim. Declaration of Anne Norris (Dkt. #30), Ex. A.

Beatty filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 19, 2007. The EEOC continues to assert jurisdiction over her claim and has not issued a decision or right to sue letter.

Plaintiffs filed their complaint in King County Superior Court on May 30, 2008. Defendant removed the case to this Court.

Beatty alleges that in August 2008, her union representative, Kenny McCormick, threatened and sexually harassed her on county property. She alleges that defendant is responsible for the conduct and her resulting damages. Those allegations are not contained in her claim, in her complaint in this case, or in her amended complaint. After defendant filed this motion, Beatty filed another tort claim with King County regarding the incident with McCormick (the "second claim").

**B.     Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.     Analysis.**

Defendant argues that the Court should dismiss any claims Beatty might have after she signed her complaint on July 24, 2007 for failure to comply with RCW 4.96.020. The claims filing statute provides that before a person may file a lawsuit seeking damages against a local government entity, he or she must file a verified claim for damages and

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

then wait at least sixty days. Beatty filed her second claim on January 30, 2009, so she cannot yet commence a lawsuit based on the substance of that claim.

Defendant's request to dismiss is premature because Beatty's operative complaint does not include the McCormick incident. Nor has Beatty moved to amend her complaint to include it. The Court will not dismiss a claim that has not been asserted in this case. Rather, if Beatty moves to amend her complaint to add the McCormick incident, defendant can assert its arguments in opposition to any such motion.

Defendant contends that the Court should dismiss Beatty's Title VII claim because she filed her complaint while the EEOC was investigating her charge and without first obtaining a right to sue letter. After defendant filed this motion, plaintiff consented to the dismissal of her Title VII claim on that basis. Beatty's Title VII claim is dismissed.

Beatty requests that she be permitted to amend her complaint if the EEOC issues a right to sue letter. The Court will not grant her that permission now. Rather, if the EEOC subsequently issues a right to sue letter, Beatty may move to amend her complaint and the Court will consider whether to grant her leave to amend.[1]

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART defendant's motion

---

[1] The Court notes that obtaining a right to sue letter from the EEOC is not a mere procedural technicality as Beatty contends. Rather, that requirement serves a strong public policy of permitting the EEOC to consider a claim first, and if a violation has occurred, to facilitate a resolution.

for partial summary judgment (Dkt. #29) and dismisses Beatty's Title VII claim.

DATED this 19th day of March, 2009.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5